IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ROOSEVELT CAYMAN ASSET
COMPANY II

Plaintiff

vs

ESTATE OF ALEXIS MORALES
RODRIGUEZ, composed by
minor M.M.M.; JOHN DOE and JANE
DOE, as unknown members of the
ESTATE OF ALEXIS MORALES
RODRIGUEZ

Defendants

CIVIL 16-2265CCC

**OPINION AND ORDER**

This is an action for collection of monies and foreclosure of a mortgage filed by plaintiff Roosevelt Cayman Asset Company II (RCAC-II) against the Estate of Alexis Morales Rodríguez composed by minor M.M.M. and John Doe and Jane Doe as unknown members of said Estate. Before the Court now is the Motion for Summary Judgment filed by plaintiff RCAC-II on July 26, 2018 (**d.e. 23**), which remains unopposed by defendants.

The following are undisputed facts, established by plaintiff's Statement of Uncontested Facts (d.e. 23-1), the documents filed in support (d.e. 23-2 through d.e. 23-5), and the record of this action.

On November 30, 2004, decedent Alexis Morales Rodríguez received a mortgage loan from RG Premier Bank of Puerto Rico, which repayment obligation he evidenced with a mortgage note in the amount of eighty thousand dollars ($80,000.00), repayable with an annual interest rate of six point three

hundred seventy five percent (6.375%).  As guarantee of the repayment obligation, evidenced by the mortgage note, said decedent executed on December 4, 2004 Mortgage Deed number 508 before Notary Public José Enrique Amadeo, encumbering Property No. 15935, Puerto Rico Property Registry, Section of Humacao, which property is owned by decedent Alexis Morales Rodríguez.

Property number 15935, owned by decedent Morales Rodríguez and encumbered by the mortgage note, is described in the Spanish language at page 55 of volume 255 of Yabucoa, Registry of the Property of Humacao, as follows:

> URBANA: Solar radicado en la URBANIZACIÓN VILLAS DE BUENAVENTURA, situado en el Barrio Aguacate del término municipal de Yabucoa, con el No. P-11 de la Calle No. 3, con cabida de 307.870 metros cuadrados. En lindes por el Norte, en distancia de 13.50 metros, con el solar No. P-12 de la Calle No. 11; por el Sur, en una distancia de 10.45 metros, con la Calle No. 3; por el Este, en una distancia de 22.25 metros, con el solar No. P-10 de la Calle No. 3; y por el Oeste, en distancia de 18.75 metros, con la Calle No. 3. La esquina formada por los lindes Sur y Oeste en semi-curva e irregular. Enclava una casa para una familia.

Plaintiff RCAC-II is the current owner and holder of the mortgage note in the amount of eighty thousand dollars ($80,000.00), originally issued to the order of RG Premier Bank of Puerto Rico.  Morales Rodríguez defaulted on the repayment obligation to RCAC-II and, for said reason RCAC-II accelerated the debt and declared due the obligation under the mortgage note.  As of March 12, 2018, defendants owed plaintiff the amount of $76,587.82, accrued interest since January 1, 2016, at annual interest rate of six point three hundred seventy five percent (6.375%), accrued late charges in the amount of

CIVIL 16-2265CCC				3

$1,490.68, and expressly agreed-upon attorneys' fees and legal costs in the amount of $8,000.00, for a total of $86,078.50, which continues to accrue at the contractual interest rate.

On July 1, 2016, RCAC-II filed this foreclosure of mortgage action based on defendants' non-compliance with the terms and conditions of the aforementioned mortgage loan.  On October 12, 2016, RCAC-II filed "Notice of Filing of Amended Complaint to include minor M.M.M. as a member of the Estate of Alexis Morales-Rodríguez" and "Amended Complaint" (d.e. 4 and d.e. 5).  On October 13, 2016, summons as to minor M.M.M. were issued by the Court.  Minor M.M.M. was served with summons and the complaint on October 27,2016, as established by RCAC-II on the return of service filed on October 31, 2016 (d.e. 7).  On November 14, 2016, RCAC-II filed "Motion Requesting Appointment of Guardian Ad Litem and Summons by Publication" (d.e. 8).  On April 27, 2017, the Court appointed the minor's mother, Marisol Moreno Navarro, as his guardian *ad litem* and granted her until May 31, 2017 to answer the complaint or otherwise plead on behalf of the minor (d.e. 12). On November 22, 2017, summons by publication as to Jane Doe and John Doe was issued (d.e. 22).  On January 31, 2018, the summons was published and notified by certified mail to both defendants.  Despite all defendants having been duly served, no answer was ever filed by any of them.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate when ". . . [t]he pleadings, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The

procedure authorized by Rule 56 "is a method for promptly disposing of actions in which there is no genuine issue as to any material fact as in which only a question of law is involved."  10 Wright, Miller & Kane, Federal Practice and Procedure, Civil 2d, Sec. 2712 at p. 563.  In order to grant summary judgment, the trial court must determine if there are any "material" factual issues which are identified depending on the substantive law that should be resolved and also, whether such issues are also "genuine." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S. Ct. 2505, 2510 (1986).  The function of the summary judgment is "to pierce the boilerplate of the pleadings and examine the parties' proof to determine whether a trial is actually necessary." Vega-Rodriguez v. Puerto Rico Telephone Co., 110 F.3d 174, 178 (1st Cir. 1997).

In light of the established uncontested facts and for the reasons discussed below, RCAC-II is entitled to the entry of summary judgment pursuant to Fed. R. Civ. P. 56.  This is so because defendants are indebted to RCAC-II for the loan granted on November 30, 2004, which is past due and payable.  Defendants herein have breached the repayment obligation with RCAC-II under the Puerto Rico Civil Code, and the Puerto Rico Mortgage Law.  Accordingly, the Motion for Summary Judgment filed by plaintiff RCAC-II on July 26, 2018 (**d.e. 23**) is GRANTED.  Plaintiff RCAC-II is entitled to judgment as a matter of law against the owner of the encumbered property, i.e. defendant Estate of Alexis Morales Rodríguez, composed by minor M.M.M.; John Doe and Jane Doe, as unknown members of said Estate, in the amount of $86,078.50, as of March 12, 2018, which will continue to accrue interest at

CIVIL 16-2265CCC			5

the contractual rate of six point three hundred seventy five percent (6.375%). Judgment shall be entered accordingly.

SO ORDERED.

At San Juan, Puerto Rico, on March 6, 2019.

S/CARMEN CONSUELO CEREZO
United States District Judge